William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
488 Madison Avenue, Suite 1100
New York, New York 10022
Phone: (212) 286-1425; Fax: (646) 688-3078

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IKELL J. RANDOLPH, Individually and on          :      ECF
Behalf of All Other Persons Similarly Situated, :
                                                :      13 Civ. _____
                        Plaintiff,              :
                                                :      **COMPLAINT AND**
            -against-                           :      **JURY DEMAND**
                                                :
PEPSI-COLA BOTTLING COMPANY OF                  :
NEW YORK, INC., DOMINGO BABREA,                 :
and JOHN DOES # 1-10,                           :
                                                :
                        Defendants.             :
------------------------------------------------------------X

Plaintiff IKELL J. RANDOLPH ("Randolph" or "Plaintiff"), individually and as class

representative of other employees similarly situated, by and through his attorney, complains and

alleges for his compliant against PEPSI-COLA BOTTLING COMPANY OF NEW YORK,

INC., ("Pepsi"), DOMINGO BABREA ("Babrea"), and John Does #1-10 (together

"Defendants") as follows:

## NATURE OF ACTION

1.      This is an action seeking recovery of unpaid hourly wages, minimum wages,

and/or overtime wages on behalf of Plaintiff and similar employees who worked as delivery

driver/helper employees solely in the state of New York for Defendants, in excess of 40 hours

per week, and were at all times paid a fixed weekly salary, and were not paid minimum wages

for all of their hours worked, and were not compensated at time and one half their regular rate of

pay for hours worked in excess of forty hour per workweek ("overtime wages"). Plaintiff and

similar employees of Defendants delivered Pepsi-Cola beverage products from Defendants' warehouse located in Queens, New York to different locations throughout Brooklyn, New York.

2.     Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that they are: (i) entitled to unpaid wages from Defendants for work for which they did not receive minimum wages and/or overtime wages as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

3.     Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendants, as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations and the New York common law.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

2

## PARTIES

7. Plaintiff IKELL J. RANDOLPH at all relevant times has been an adult individual, residing in Kings County, New York.

8. Upon information and belief, Defendant Pepsi is a corporation organized and existing in the State of New York, doing business throughout New York City, including the Eastern District of New York.

9. Upon information and belief, Defendant Pepsi operates a Pepsi-Cola distribution warehouse at 117-02 15th Avenue, College Point, New York 11356.

10. Upon information and belief, Defendant Barea is the direct supervisor of Plaintiff, and controls the day to day operations and management of Pepsi and jointly employed Plaintiff and other similarly situated employees at all relevant times.

11. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law § 2 and the regulations thereunder, and are jointly and severally liable with Defendants.

12. Each Defendant, including but not limited to Barea, either directly or indirectly, has hired and fired Plaintiff and other similar employees; controlled the work schedule and conditions of employment of Plaintiff and similar employees; determined the rate and method of payments of Plaintiff and similar employees; and kept at least some records regarding the employment of Plaintiff and similar employees.

3

## COLLECTIVE ACTION ALLEGATIONS

13.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since February 22, 2007 to the entry of judgment in this case (the "Collective Action Period") (statute of limitations tolled for failure to post notice), who were non-exempt employees within the meaning of the FLSA and who were not paid for all of their hours worked, and were not paid minimum wages (the "Collective Action Members").

14.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

15.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

16.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

4

17.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.  whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b.  whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of C.F.R. § 516.4;

e.  whether Defendants failed to pay the Collective Action Members, overtime wages or minimum wages for hours worked in violation of the FLSA and the regulations promulgated thereunder;

f.  whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

g.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h.  whether Defendants should be enjoined from such violations of the FLSA in the future.

18.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

19.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

20.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since February 22, 2007, to the entry of judgment in this case (the "Class Period"), and who were non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wages and/or hourly wages for all hours worked by them in violation of the New York Labor Law, and the New York common law (the "Class").

21.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there at least 40 members of Class during the Class Period.

22.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy— particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

23.     The Defendants have acted or refused to act on grounds generally applicable to

6

the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

24.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

25.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

26.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a.   whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

   b.   whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

   c.   what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d.   whether Defendants failed and/or refused to pay the members of the Class, overtime wages, minimum wages and/or hourly wages for all hours worked by them, within the meaning of the New York Labor Law;

   e.   whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, interest, costs and disbursements and attorneys' fees; and

   f.   whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

7

## STATEMENT OF FACTS

27.     Randolph was employed full time by PEPSI-COLA BOTTLING COMPANY OF
NEW YORK, INC. ("Pepsi"), and DOMINGO BAREA (together "Defendants"), as a delivery
driver/helper for a number of months, from June 14, 2010 until December 23, 2010 (the "time
period").

28.     During the time period, Randolph was (1) not paid minimum wages for all of his
hours worked, (2) not paid overtime compensation at rates not less than one and one-half times
his regular rate of pay for hours worked in excess of forty (40) hours per workweek, and (3) not
paid spread of hours premium pay for days in which Randolph worked a spread of more than 10
hours, in violation of the Fair Labor Standards Act (FLSA) and applicable New York Labor
Laws.

29.     During the time period, Defendants operated a Pepsi-Cola distribution warehouse
at 117-02 15th Avenue, College Point, New York 11356 (the "warehouse").

30.     During the time period, Randolph worked for Defendants as a driver, and
delivered Pepsi-Cola beverage products from the warehouse to different locations throughout
Brooklyn, New York.

31.     During the time period, Randolph did not make any deliveries outside of
Brooklyn, New York.

32.     During the time period, Randolph generally worked about 60 or more hours a
week.

33.     During the timer period, Randolph generally worked from 5:00 a.m. until about
5:00 p.m. or later, Monday through Friday.

34.     Randolph was hired by Defendant Domingo Barea ("Barea") on June 14, 2010.

8

35.     As part of the hiring process, Randolph filled out a W-2 form for Pepsi, and was issued a Pepsi Identification Card.

36.     During the time period, Randolph was required to wear a uniform which consisted of a shirt with the Pepsi Company logo on it.

37.     During the time period, Randolph drove a Pepsi truck, with the Pepsi logo on it, to make all his deliveries.

38.     During the time period, Randolph was paid a weekly salary of $275.

39.     Therefore, during the time period, Randolph was paid at a rate of about $4.58 per hour ($275/60 hours), which is less than minimum wage.

40.     During the time period, Randolph was at all times paid cash.

41.     During the time period, Randolph was not paid at time and one half his regular rate of pay for hours worked over 40 in a workweek ("overtime wages").

42.     During the time period, Randolph was not paid an additional hour of pay for day in which Randolph worked a spread of more than 10 hours in a workday ("spread of hours pay").

43.     Randolph has never seen any notice posted by Defendants indicating that delivery driver employees had a right to minimum wages and/or overtime wages.

44.     During the time period, Defendants controlled the hours that Randolph worked, how often Randolph worked, and how much Randolph was paid per hour.

45.     During the time period, Defendant Domingo Barea, either directly or indirectly, hired Randolph, controlled his work schedule and conditions of employment, determined his rate and method of payment, and kept at least some records regarding his employment.

46.     During the time period, Randolph's job did not require any independent initiative, or a degree of skill to perform my work.

9

47.     During the time period, Defendants gave Randolph a daily delivery list and controlled his driving route.

48.     During the time period, Randolph continuously, on a bi-weekly basis, complained to his supervisor, Defendant Barea, about not being paid any overtime wages, or minimum wages for all of his hours worked.

49.     Barea responded to Randolph's complaints by informing Randolph that it was Defendants' policy not to pay its employees more than their weekly salary regardless of the number of hours that they worked.

50.     Accordingly, Defendants intentionally and in bad faith, refused to pay Randolph minimum wages and overtime wages.

51.     Upon information and belief, the beverage products Randolph delivered were not part of an ongoing delivery originating from outside New York State.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

52.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

53.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

55.     Upon information and belief, at all relevant times, Defendants have had gross

10

revenues in excess of $500,000.

56. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

57. At all relevant times, the Defendants had a policy and practice of refusing to pay its employees minimum wages for all of their hours worked.

58. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members overtime wages and/or minimum wages for all of their hours worked the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

59. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61. Due to the Defendants' FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendants, their unpaid minimum wages and overtime wages, and an equal additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**

## NEW YORK LABOR LAW

62.   Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

63.   At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

64.   Defendants willfully violated Plaintiff's rights, and the rights of the members of the Class, by failing to pay them wages in violation of the New York Labor Law and its regulations.

65.   The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law. Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, and unpaid spread of hours wages, reasonable attorneys' fees, and/or costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.   An order tolling the statute of limitations;

c. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of unpaid wages, including unpaid minimum wages, overtime wages, and spread of hours wages, due under the FLSA and the New York Labor Law;

g. An award of liquidated and/or punitive damages, as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

j. Such other and further relief as this Court deems just and proper.

13

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.

Dated: New York, New York
February 22, 2013

LAW OFFICE OF WILLIAM COUDERT RAND

William Coudert Rand, Esq.
*Attorney for Plaintiff*, Individually and on
Behalf of All Persons Similarly Situated
488 Madison Avenue, Suite 1100
New York, New York 10022
Tel: (212) 286-1425
Fax: (646) 688-3078
Email: wcrand@wcrand.com

14

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf
) contest the failure of Pepsi-Cola Bottling company of New york Inc & Domingo Barra
) pay me overtime wages and/or minimum wages as required under state and/or federal law including the Fair Labor
tandards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

Ikell J Randolph
rinted Name

_____
Signature

2/5/13
)ate

6