# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("the Settlement Agreement") is made and entered into by and between on the one hand, Ikell J. Randolph ("CLAIMANT"), and on the other, Domingo Barea, Brooklyn Express Beverage Corp. and Moneer Issa (together, "COMPANY") and PEPSI-COLA BOTTLING COMPANY OF NEW YORK, INC. ("Pepsi"),(together Defendants) (all parties collectively, "the Settling Parties"), as of June 18, 2013.

## RECITALS

A. WHEREAS, on or about March 27, 2013, CLAIMANT filed an Amended Complaint (the "Action") against COMPANY alleging, inter alia, that COMPANY and Pepsi failed to pay him certain wages due in connection with services he performed on their behalf. The aforementioned Action is currently pending in the United States District Court, Eastern District of New York, Case No. 13-CV-0950;

B. WHEREAS, the Court has made no determination with respect to the claims presented;

C. WHEREAS, COMPANY and Pepsi admit no wrongdoing nor any liability with respect to CLAIMANT'S allegations;

D. NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENT

1. Consideration. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. CLAIMANT agrees that he will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2. Settlement Compensation and Full General Release.

NOW, THEREFORE, in consideration of the promises and covenants contained in this Agreement, the parties hereby agree as follows:

The Company on its behalf and on behalf of Pepsi agree to pay CLAIMANT a total of FIVE THOUSAND DOLLARS and NO CENTS ($5,000.00). The $5,000 payment shall be made payable to Law Office of William Rand within (7) days of the So-Ordering of the Stipulation of Dismissal in this case. The payment will be made by Defendants Brooklyn Express Bevarage Corp., Moneer Issa and Domingo Barea. So that there is no

1

mistake, Defendant Pepsi-Cola Bottling Company of New York, Inc. will not be responsible for any part of this payment.

The $5,000 payment will be distributed as follows ("settlement payments"):

Ikell Randolph: $1,319.50;

Law Office of William Coudert Rand: $3,680.50

If the Company fails to pay the settlement payments in a timely manner, the Company agrees to pay Plaintiff's fees including reasonable attorney's fees related to Plaintiff's efforts to obtain payment of the settlement payments.
For and in consideration of the payment provided for in this paragraph 2, and subject to the terms and provisions of this Settlement Agreement, CLAIMANT fully, finally, irrevocably and forever release and discharges DEFENDANTS, including each of its current and former parent corporations, subsidiary and affiliated companies, divisions, related companies, predecessors, successors, assigns, holding companies officers, directors, shareholders, employees and agents (collectively "RELEASEES") from any and all claims causes of action or complaints which CLAIMANT has or may have against RELEASEES, from the beginning of the world to the date of execution of this Settlement Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation including, but not limited to, any alleged violation of: the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; the Consolidated Omnibus Budget Reconciliation Act of 1985, I.R.C. § 4980B; the Immigration Reform and Control Act, as amended; the Workers Adjustment Retraining Notification Act, as amended; the Family and Medical Leave Act; the New York City Administrative Code; the New York State Human Rights Law, New York Executive Law § 290 et seq.; the New York Civil Rights Law, New York Civil Rights Law § 1 et seq.; Article 6 of the New York Labor Law, New York Labor Law § 190 et seq.; the New York Whistleblower Law, New York Labor Law § 740 et seq.; the New York Legal Activities Law; New York Labor Law § 201-d; the New York occupational safety and health laws; the New York Fair Credit Reporting Act; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any public policy, contract (whether oral or written, express or implied) or tort laws; any claim arising under the common law; any other claim for unpaid wages, employment discrimination, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against RELEASEES, based upon any conduct occurring up to and including the date of the complete execution of this Settlement Agreement.

2

3. Taxes. CLAIMANT understands and agrees that Defendants are not withholding federal or state income taxes, FICA, Social Security, Medicare, or any other withholding from the settlement payment and therefore agrees and promises to pay all taxes which may be due with respect to those portions of the Settlement Payment in the event a governmental taxing authority determines that any such taxes are due. CLAIMANT further agrees to indemnify and hold Defendants harmless from all liabilities for CLAIMANT'S failing to pay tax owed by CLAIMANT on the Settlement Payment to him.

4. New Action. CLAIMANT warrants that he has not filed or caused to be filed, and is not presently party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against RELEASEES in any form or forum other than this Action. In the event that, for any reason, any complaint, appeal, suit, action, charge, claim and/or proceeding filed by CLAIMANT is not wholly and finally dismissed with prejudice, CLAIMANT shall not voluntarily testify, provide documents or otherwise participate, or permit others to participate on CLAIMANT'S behalf, in any such litigation, investigation or other proceeding arising therefrom or associated therewith, and shall not obtain or accept any recovery or relief therefrom, to the extent permitted by law. In the event that CLAIMANT institutes, are party to, or are a member of a class, collective, or multi-party group that institutes any claim or action against RELEASEES, arising from any conduct which pre-dates this Agreement, CLAIMANT agrees that such claims shall be dismissed or class membership terminated immediately upon presentation of the Settlement Agreement, and CLAIMANT shall execute any papers necessary to achieve this end. In the event any CLAIMANT commences, or threatens to commence, a suit, action or claim (a "New Action") against the RELEASEES in contravention of this Agreement, CLAIMANT agrees to reimburse RELEASEES for all attorneys' fees and costs incurred by RELEASEES in defending against such New Action.

4. Cooperation. CLAIMANT and COMPANY mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other.

5. Entire Agreement. This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties.

6. Confidentiality. – CLAIMANT and Defendants agree that the terms of this Settlement Agreement are strictly confidential and shall not be disclosed to anyone other than their respective attorneys, accountants or tax advisors or as required by law or as required to enforce the agreement. Additionally, CLAIMANT expressly agrees to keep strictly confidential and not discuss, disclose, or reveal, directly, or indirectly, to any person, business, media, or entity of any type whatsoever, any and all the following: (a) the fact or existence of this Agreement; and (b) any non-public aspect of any of the operations and activities of COMPANY, its staffed personnel and individuals for whom it is responsible or who otherwise in its charge.

3

7. <u>Voluntary Dismissal.</u> The Settling Parties will together file a Stipulation of Dismissal With Prejudice in the Action pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure along with all other requisite documents necessary to dismiss this Action with prejudice.

8. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts and any Party hereto and/or their respective counsel may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute one and the same instrument. Fax and/or PDF signatures shall be deemed valid for purposes of this Settlement Agreement.

9. <u>Severability</u>. In the event that any provision of this Agreement is held by a court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall be deemed not to be a part of this Agreement. Specifically, the illegal or invalid provisions shall have no effect upon, and shall not impair the enforceability of the release language set forth in Paragraph 2. If a court of competent jurisdiction finds that the release language found in paragraph 2 is unenforceable, Defendants shall revise Paragraph 2 to cure the defect. Upon revision of Paragraph 2, Claimant agrees to re-execute the release upon request and further that he shall not be entitled to any additional monies, benefits and/or compensation .

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Dated: 6-20-13

_____
**Ikell Randolph**

Dated: _____

_____
**Domingo Barea**

Dated: _____

_____
**Pepsi-Cola Bottling Company of New York, Inc.**

4

7. <u>Voluntary Dismissal.</u> The Settling Parties will together file a Stipulation of Dismissal With Prejudice in the Action pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure along with all other requisite documents necessary to dismiss this Action with prejudice.

8. <u>Counterparts.</u> This Agreement may be executed in any number of counterparts and any Party hereto and/or their respective counsel may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute one and the same instrument. Fax and/or PDF signatures shall be deemed valid for purposes of this Settlement Agreement.

9. <u>Severability.</u> In the event that any provision of this Agreement is held by a court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall be deemed not to be a part of this Agreement. Specifically, the illegal or invalid provisions shall have no effect upon, and shall not impair the enforceability of the release language set forth in Paragraph 2. If a court of competent jurisdiction finds that the release language found in paragraph 2 is unenforceable, Defendants shall revise Paragraph 2 to cure the defect. Upon revision of Paragraph 2, Claimant agrees to re-execute the release upon request and further that he shall not be entitled to any additional monies, benefits and/or compensation.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Dated: 6-20-13                            _____
                                          Ekell Randolph

Dated: _____                      _____
                                          Domingo Sarwa

Dated: 6/24/13                            _____
                                          Pepsi-Cola Bottling Company of New
                                          York, Inc.

4

7.  **Voluntary Dismissal.** The Settling Parties will together file a Stipulation of Dismissal With Prejudice in the Action pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure along with all other requisite documents necessary to dismiss this Action with prejudice.

8.  **Counterparts.** This Agreement may be executed in any number of counterparts and any Party hereto and/or their respective counsel may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute one and the same instrument. Fax and/or PDF signatures shall be deemed valid for purposes of this Settlement Agreement.

9. **Severability.** In the event that any provision of this Agreement is held by a court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall be deemed not to be a part of this Agreement. Specifically, the illegal or invalid provisions shall have no effect upon, and shall not impair the enforceability of the release language set forth in Paragraph 2. If a court of competent jurisdiction finds that the release language found in paragraph 2 is unenforceable, Defendants shall revise Paragraph 2 to cure the defect. Upon revision of Paragraph 2, Claimant agrees to re-execute the release upon request and further that he shall not be entitled to any additional monies, benefits and/or compensation.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Dated: 6-20-13

_____
Ikell Randolph

Dated: _____

_____
Domingo Barea

Dated: _____

_____
Pepsi-Cola Bottling Company of New York, Inc.

4

Dated: 6/25/13

_____
Brooklyn Express Beverage Corp.

Dated: 6/25/13

_____
Moneer Issa